UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJUNATH JAGANNATHARAO,<br>      Plaintiff,<br>   v.<br>ETIHAD AIRWAYS,<br>      Defendant. | Case No. 16-cv-00510-PSG<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>**(Re: Docket No. 21)** |

Defendant Etihad Airways removed this case from state small claims court on January 29 of this year.[1] Plaintiff Manjunath Jagannatharao nevertheless obtained a default judgment against Etihad in the state court action,[2] but Etihad successfully petitioned the state court to vacate that judgment.[3] Jagannatharao now moves to remand this action back to state court pursuant to 28 U.S.C. § 1447(c).[4]

The motion is DENIED for two reasons. First, Section 1447(c) requires such a motion to "be made within 30 days after the filing of the notice of removal." Second, and more importantly, because Etihad "is wholly owned by the government of Abu Dhabi, a political subdivision of the

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 16.

[3] *See* Docket No. 19.

[4] *See* Docket No. 21. More specifically, Jagannatharao sent the court a letter containing a request to remand the case, but the court construes the pro se pleading as a motion pursuant to the applicable statute. *See Haines v. Kerner*, 404 U.S. 519, 595-96 (1972).

1
Case No. 16-cv-00510-PSG
ORDER DENYING MOTION TO REMAND

United Arab Emirates,"[5] Etihad qualifies as a "foreign state" as defined in the Foreign Sovereign Immunities Act,[6] and foreign states may remove any civil action from state to federal court.[7] This court therefore has jurisdiction over the complaint,[8] and remand is not warranted. The court's previous order to show cause[9] remains in effect.

**SO ORDERED.**

Dated: May 10, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[5] Docket No. 1 at ¶ 5.

[6] 28 U.S.C. § 1603(a), (b)(2).

[7] *See id.* § 1441(d).

[8] *See id.* § 1330(a); *see also EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 647 (9th Cir. 2003) (quoting *Phaneuf v. Republic of Indon.*, 106 F.3d 302, 304 (9th Cir. 1997)) ("[T]he FSIA 'is the sole basis of subject matter jurisdiction over suits involving foreign states and their agencies and instrumentalities.'").

[9] *See* Docket No. 20.